# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RAYMOND ANTWAN MAGEE

NO. 2021 KW 0762

**OCTOBER 08, 2021**

---

In Re: State of Louisiana, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 3583-F-2019.

---

**BEFORE: WHIPPLE, C.J., PENZATO AND HESTER, JJ.**

**WRIT GRANTED.** The trial court's ruling granting the motion to suppress the defendant's cell phone is reversed. "The right of the police to conduct a personal effects inventory search at the time of an arrested person's booking is a recognized exception to the search warrant requirement." La. Code Crim. P. art. 228; **State v. Nuccio,** 454 So.2d 93, 98 (La. 1984) (citing **United States v. Edwards,** 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974)). Furthermore, the supreme court has recognized the right of the police to seize items of evidence, which become exposed during a booking inventory search. **State v. Bryant,** 325 So.2d 255, 258 (La. 1975). As the defendant had previously been lawfully deprived of possession of the cell phone, and the custody and control of that object was legitimately under the dominion of the police, it was not an unreasonable search and seizure for the police to use it as evidence of another crime. Furthermore, the detective procured a search warrant before searching the contents of the cell phone. See **Riley v. California,** 573 U.S. 373, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014). Accordingly, this matter is remanded to the trial court for further proceedings consistent with this ruling.

**VGW**
**AHP**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT